609 N.W.2d 829 (2000)
Dennis DUBUC, Plaintiff-Appellant,
v.
GREEN OAK TOWNSHIP, Defendant-Appellee.
Docket No. 114292, COA No. 191293.
Supreme Court of Michigan.
May 5, 2000.
On order of the Court, the motion for reconsideration of this Court's order of November 29, 1999, is considered, and it is DENIED because it does not appear that the order was entered erroneously. The motion for sanctions is also considered, and it is GRANTED, limited to defendant's actual expenses, including attorney fees, in answering the motion for reconsideration, pursuing the motion for sanctions, and responding to any unsuccessful challenge to the amounts claimed by defendant under this order. Defendant shall file a bill of expenses in the Livingston County Circuit Court which shall review those expenses and any challenges to them and issue an order setting the amount to be awarded in compliance with this order.
We do not retain jurisdiction.
CORRIGAN, J., concurs and states as follows:
I concur in the order granting defendant's motion for sanctions and remanding to the trial court to determine defendant's actual expenses. I write separately to encourage the trial court to consider extraordinary sanctions to deter plaintiff from continuing his vexatious tactics that have led to years of abusive litigation. It appears from the extant records that plaintiff may not have complied fully with previous orders imposing monetary sanctions.
In the past fifteen years, plaintiff has filed at least ten lawsuits: eight in circuit court, one in federal court, and one before the State Construction Commission involving the same subject matter. In 1985, plaintiff sued Green Oak Township in Livingston Circuit Court, seeking to compel issuance of a building permit for a building on which plaintiff had already begun construction. A consent judgment entered providing for issuance of a building permit and requiring plaintiff to construct the building in compliance with relevant township codes, zoning ordinances, and a revised site plan.
Because plaintiff failed to comply with building and construction codes, the township refused to issue certificates of occupancy. Plaintiff refused to vacate the building. Instead, he filed another lawsuit, seeking mandamus. Again he asserted multiple causes of action. Proceedings were stalled for nearly three years in part because plaintiff moved to disqualify the trial judge. When plaintiff's counsel failed to appear for two scheduled conferences, the trial court imposed sanctions. Plaintiff failed to pay the sanctions, resulting in dismissal.
Meanwhile, the township denied plaintiff's request for another building permit because the approved site plan had expired, the building dimensions differed from the site plan, and the work site did not conform to the site plan. Plaintiff filed yet another lawsuit seeking mandamus to compel issuance of a building permit and damages. The trial court dismissed the case, held plaintiff in contempt of court, and ordered him to vacate the buildings until they passed inspection and received certificates of occupancy.
Plaintiff then filed the instant action, once again seeking a writ of mandamus. The trial court ordered plaintiff to vacate *830 the building, and the Court of Appeals affirmed. Plaintiff next moved to disqualify the trial judge. The judge denied the order, and the chief judge denied plaintiff's appeal. Plaintiff then filed yet another motion for de novo review of the denial of disqualification, which was again denied.
While the circuit court action was abeyed during the pendency of the disqualification motion, plaintiff filed complaints against the township before the State Construction Code Commission. Those proceedings led to thorough inspections of plaintiff's buildings, revealing over one hundred violations. Plaintiff also sought relief in federal court.
When the trial and contempt hearings commenced in Livingston Circuit Court, plaintiff filed three additional motions to disqualify the trial judge and several motions to stay the proceedings, none of which succeeded. Plaintiff also used the following tactics to delay the proceedings: naming the trial judge as a witness; seeking to depose the judge; accusing the judge of criminal conduct and of conspiring with defense counsel; and threatening to file a complaint with the Judicial Tenure Commission against the judge.
The reports before us indicate that the trial and preliminary hearings consumed at least fifty-four days of court time in addition to the time spent by other judges on plaintiff's disqualification motions. More than fifty days of court time were expended in plaintiff's earlier actions in Livingston Circuit Court. Also, the State of Michigan expended more than $50,000 in processing plaintiff's appeals to the Construction Board of Appeals. An official from that board testified as follows concerning plaintiff's conduct throughout this matter:
The person or entities supervising the construction has no knowledge or expertise in what is required for code compliance and has caused this project to go on as long as it has because of misunderstandings, improper interpretation, interpretations colored by the desire of the party and we incurred much more effort than we normally would simply because the person effecting the corrections did not understand what it was that needed to be done that should have been understood by a proper professional in the design and construction of a building i.e. we inspected many items two or three times simply because it was not understood what the proper correction should be by the person directing the corrections."
Plaintiff has abused the judicial process by filing multiple frivolous lawsuits and then intentionally delaying their progress. Plaintiff's abusive tactics have drained valuable time and financial resources from the Livingston Circuit Court, Green Oak Township, and the State of Michigan. In addition to wasting taxpayers' money, plaintiff has delayed the progress of other cases in Livingston Circuit Court.
Extreme cases like this one require courts to employ sanctions designed to curtail these repeated abuses, especially where it appears that plaintiff may not have complied with past sanctions orders. The trial court here has already awarded over $180,000 in sanctions against plaintiff. The trial court should consider barring plaintiff from pursuing further litigation until any outstanding sanctions are paid. See In re Cousino, 461 Mich. 876, 603 N.W.2d 636 (1999) (directing the clerks of the trial court, Court of Appeals, and this Court not to accept any pleadings or papers from a litigant in any file regarding a certain estate until all outstanding sanctions, costs, and fees have been paid).
WEAVER, C.J., and MARILYN J. KELLY, J., concur in the statement of CORRIGAN, J.